# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### EUGENE DIVISION

OHIO SECURITY INSURANCE
COMPANY

6: 17- CV- 01154-TC

Plaintiff,

ORDER

v.

WATCHDOG SECURITY , LLC,

Defendant.

COFFIN, Magistrate Judge:

Plaintiff seeks recovery in this action for property damage caused by a fire. There is diversity of citizenship between the parties.

In its original complaint, plaintiff asserted one claim for relief entitled "reckless misrepresentation" and defendant brought a motion to dismiss for failure to state a claim. The court noted at oral argument that the motion appeared meritorious, but allowed plaintiff its request to amend the complaint.

In the amended complaint, plaintiff adds a second claim for relief entitled "negligent

Page 1 - ORDER

misrepresentation." The parties provided supplemental briefing and defendant's motion to dismiss the amended complaint for failure to state a claim is presently before the court.

## Factual Background

Plaintiff is Ohio Security Insurance Company (Ohio Insurance). Ohio Insurance provided property insurance to its insured Ehler Enterprises Oregon, LLC (Ehler) for Ehler's building.

Ehler leased a suite in its building to Bend Trend Homes (BTH).

BTH had allegedly entered into a Client Agreement with defendant Watchdog Security , LLC (Watchdog Security) . In the Client Agreement between BTH and Watchdog Security, Watchdog Security agreed to provide monitoring services for a burglar alarm inside the BTH suite. In the event a burglar alarm was received, Watchdog allegedly promised to transmit such alarm to the police or fire department. Plaintiff clarified at oral argument that the Client Agreement was intended for burglar alarm services and not for fire.

In May 2013, BTH decided to replace its telephone system , and as a result of the change, the telephone connection between the burglar alarm for the suite and Watchdog Security's central monitoring system was severed. Ohio Insurance alleges that because the telephone line was severed, Watchdog Security lost the ability to monitor the system in 2013, and that BTH paid Watchdog Security a quarterly fee to monitor the alarm for two years up to the time of the fire in 2015.

On July 30 , 2015, an intruder, who was suffering from the delusion that he was being chased by marauding ninjas, broke into the suite to save himself. The burglar alarm for the suite was triggered. However, to hasten a response from the police department, the intruder started a fire in the suite. Ohio Insurance alleges that the fire started in the BTH suite spread from its initial area in origin, and proceeded to do damage throughout the entire building.

Page 2 - ORDER

Ohio Insurance alleges as its first claim a claim for "reckless misrepresentation." Ohio Insurance alleges that Watchdog Security promised BTH that it would communicate the information of a triggered burglar alarm to authorities, failed to notify BTH that it had lost its ability to moniter the burglar alarm, and that by accepting a fee, its conduct amounted to a reckless disregard by Watchdog Security for the fact it could not notify the Bend Police Department of an unlawful entry into the suite.

Plaintiff Ohio Insurance has not alleged the existence of a contract between itself and defendant Watchdog Security. Nor has Ohio Insurance alleged the existence of a contract between its insured Ehler and defendant Watchdog Security.

In its amended complaint, Ohio Insurance asserts a second claim entitled negligent misrepresentation. Ohio Insurance alleges that its insured, Ehler, the building owner, was an intended beneficiary of the Client Agreement for burglar alarm services between BTH and Watchdog Security for BTH's suite.

## Discussion

### 1. Claim for Reckless Misrepresentation

Ohio Insurance does not cite any authority that supports its claim for reckless misrepresentation under Oregon law. To allege a claim for misrepresentation, or fraud, a plaintiff must allege and prove: 1) the defendant made a material representation that was false; 2) the defendant did so knowing that the representation was false; 3) the defendant intended the plaintiff to rely on the misrepresentation; 4) the plaintiff justifiably relied on the representation, and; 5) the plaintiff was damaged as a result of that reliance. See , e.g., Webb v. Clark , 274 Or 387, 391 (1976). Several of these elements are missing. Plaintiff Ohio Insurance has not alleged that

Page 3 - ORDER

Watchdog Security intended that Ohio Insurance or its insured rely on any representations ( or non-disclosures), nor that either justifiably relied on any representations. In addition , there is no allegation that the burglar alarm system caused the fire.

Ohio Insurance's reference to UCJI 42.08 does not support its position because there are no allegations that Watchdog Security intended that any misrepresentations be communicated to a third party such as Ohio Insurance, or its insured, which UCJI 42.08 specifically requires. See , e.g. , Carpenter v. Egli, 272 Or. 337 (1975) (seller of property provided information to realtor with the intent that it be disseminated to third party buyers).

The claim for reckless misrepresentation fails.


## 2. Claim for Negligent Misrepresentation

Although Oregon courts have allowed recovery for economic loss caused by negligent misrepresentation, such claims are generally only allowed when there is a "special relationship" between the parties. Ohio Insurance argues that its insured Ehler was an intended beneficiary for the purpose of alleging the necessary element of a "special relationship." However, Ohio Insurance has not alleged that it's insured, Ehler, authorized Watchdog Security to exercise independent judgment on its behalf, or that Ehler gave Watchdog Security responsibility or relinquished control over any matter whatsoever. See Conway v. Pacific University, 324 Or. 231, 240 (1996) ; Onita Pacific Corp v. Trustees of Bronson, 315 Or 149, 159-161 (1992). There is not a special relationship or indication that Ohio Insurance or Ehler was an intended third party beneficiary of the agreement between Watchdog Security and BTH to protect BTH's suite and its contents from intrusion.

Page 4 - ORDER

Plaintiff Ohio Insurance argues that Section 311 of the Restatement (Second) of Torts is helpful to plaintiff. Section 311 is entitled Negligent Misrepresentation Involving Risk of Physical Harm.[1] Oregon has not adopted Section 311. Regardless, Section 311 has no application here because Ohio Insurance has not alleged that Watchdog Security expected Ohio Insurance or its insured to be in peril (as required by Subsection 1(b) of Section 311). In addition, Ohio Insurance and its insured were not provided representations regarding the burglar alarm, and Ohio Insurance, and its insured, did not take any action, or fail to take any action, because they reasonably relied on any representations regarding the burglar alarm.

The claim for negligent misrepresentation fails.

Plaintiff notes that "whether a complaint states a plausible claim for relief will ... be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Drawing on judicial experience and common sense, the context of this action indicates that the amended complaint does not state plausible claims for relief. There was no relationship or communication between the defendant burglar alarm company and the plaintiff fire insurer or its insured. The amended complaint in essence seeks to obligate the burglar alarm provider for a suite to extend fire insurance coverage for the entire building. Such defies common sense as the burglar alarm provider, in exchange for an alarm fee, would be accepting the entire fire insurance risk that fire insurers underwrite based on all the risks of fire and the value of the entire building. No burglar alarm company could be in business if the law imposed

---

[1]Plaintiff notes that this action involves direct injury to property due to fire and seems to vaguely suggest that this might make a difference in this action. P.p. 3-4 of Plaintiff's Response (#18). However, plaintiff does not indicate how this changes or could change anything in this particular action.

such obligations.  Oregon law does not allow recovery in such a situation  and research has not revealed a jurisdiction that does.

### Conclusion

Defendant's motion (#9) to dismiss is allowed and this action dismissed.

DATED this ___/___ day of March, 2018 .

THOMAS M. COFFIN
United States Magistrate Judge